# United States Court of Appeals
## For the First Circuit

No. 17-1925

UNITED STATES,

Plaintiff, Appellee,

v.

2008 33' CONTENDER MODEL TOURNAMENT VESSEL, Bearing Registration
Number PR-5418AC, Serial No. JDJ33175H708 and Two Engines,

Defendant - In Rem,

TANIA DE JESÚS-GÓMEZ; LUQUILLO BOAT GLASS, INC.,

Claimants, Appellants,

JULIO DE JESÚS-GÓMEZ,

Claimant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Kayatta, Boudin, and Barron,
Circuit Judges.

Luis Rafael Rivera Rodríguez on brief for appellants.

W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martinez, Assistant United States Attorney, on brief for appellee.

March 18, 2021

**BOUDIN, <u>Circuit Judge</u>.** In September 2012, the government brought this civil forfeiture action against a 2008 33' Contender Model Tournament Vessel, alleging that it had been used in a money laundering and drug trafficking conspiracy. After appellants repeatedly missed their discovery deadlines, the district court entered default judgment in favor of the government. This appeal followed.

After the government brought this case, the appellants filed an answer, claiming they owned the boat. Appellants Julio and Tania de Jesús Gómez then moved for a stay, arguing that because they were defendants in a related criminal case, participating in this civil case would endanger their Fifth Amendment privilege against self-incrimination. The judge denied the motion without prejudice and directed them to provide a status update on the criminal case. None of the claimants ever provided the requested update or renewed their motion to stay.

The government then served special interrogatories on the appellants, seeking to establish the identities of the claimants and their relationship to the defendant property. Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions G(6)(a). Appellants failed to respond within the twenty-one-day deadline set by Rule G(6). The day after the deadline passed, they moved for an extension of time until January 5th, 2015. The court granted the request but warned that it would not grant any further extensions.

Again, appellants missed their deadline, and on January 7th they filed another motion asking for an extension until January 15th. True to its earlier warning, the district court denied this motion. On January 20th, 2015, the government moved to strike the appellants' answer and claims and sought default judgment. Only then did the appellants answer the special interrogatories: On January 26th, they filed an informative motion indicating that they had served their answers on the government that day and another motion opposing the government's motion to strike and request for default judgment. The district court granted the government's motion to strike their answer and claims. With no claims left to be considered, the judge granted the government's motion for default judgment.

On appeal, the appellants argue that the district court abused its discretion by striking their claims and entering default judgment. The proper answer to this argument is: "You must be kidding." The more formal answer is that there was no abuse of discretion. Rule G(8)(c)(i)(A) of the Supplemental Rules on Admiralty or Maritime Claims and Forfeiture Actions states that "[a]t any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6)." Rule G(6)(b) sets the twenty-one-day deadline for answering special interrogatories. The supplemental rules do not discuss when a motion to strike a claim or answer should be granted, except

to note that "[n]ot every failure to respond to subdivision (6) interrogatories warrants an order striking the claim" but "the special role that subdivision (6) plays in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under [Federal Rule of Civil Procedure] 37." Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions, R. G Advisory Committee Notes.

This court has laid out a list of factors for judges to consider when imposing discovery sanctions under Rule 37, including whether the offending party was on notice of the potential sanction and had the opportunity to argue against it, as well as "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015). The district judge used these factors to guide her reasoning, and she did not abuse her discretion in applying them.

The appellants were on notice that their claims might be stricken given both Rule G(8)'s explicit authorization of a motion to strike if they did not answer the interrogatories on time and the judge's warning that she would not grant a second extension.

They had the opportunity to explain their delay in their opposition to the government's motion to strike.

Severity, repetition, and deliberateness weigh against the appellants: they let the statutory deadline elapse before even requesting their first extension, missed their extended (self-imposed) deadline, and did not request a second extended deadline until they had missed the first. And, had the court granted their request for a second extension, they would have missed that one too, as they did not answer the special interrogatories until eleven days after the second extension would have expired. From this repeated failure to meet self-imposed deadlines, the district judge justifiably inferred that the appellants had deliberately chosen to withhold discovery until their claims risked being stricken. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002).

The appellants argue that the prejudice factor weighs in their favor, as the government did not argue that it was prejudiced by their delay. But "the presence or absence of prejudice is not determinative," and besides, this argument ignores the prejudice to the court itself, which has a "strong institutional interest in ensuring that litigants honor court orders" so that it may efficiently administer its docket. Tower Ventures, 296 F.3d at 47.

- 6 -

The appellants assert two excuses: first, they say that answering the interrogatories would burden their Fifth Amendment right against self-incrimination. But they raised this issue in their petition to stay this case. When the district court denied the petition without prejudice, asking for a status update on the criminal case, the appellants never provided any update or renewed their stay application, and they never raised the Fifth Amendment argument in either of their motions to extend time.

Second, they say Mr. de Jesús was in solitary confinement during the time they failed to answer the interrogatories. But, again, the appellants did not raise this argument in either of their motions requesting extensions; they introduced it for the first time in their opposition to the government's motion to strike. Even crediting Mr. de Jesús's solitary confinement as the reason he could not answer the interrogatories on time, appellants do not explain why Ms. de Jesús did not have most, if not all, of the necessary information to answer the interrogatories without Mr. de Jesús's assistance.

Finally, appellants argue that a lesser sanction would have been appropriate. Maybe so, but every other Angiodynamics factor weighs against them, and Rule G(6) indicates a more demanding approach than Rule 37 itself. The district judge was well within her discretion to strike appellants' answer and claims and grant the government's motion for default judgment.

<u>Affirmed.</u>